ÁNGEL NIEVES CRUZ ET AL., demandantes y recurridos, *v.* ANDRÉS CRUZ ÁGUILA, LUIS RIVERA SANTOS, ETC. y el ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandados y recurrente el último.

*Número:* 123. *Resuelto:* 25 de abril de 1962.

*Hiram R. Cancio, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar, Jorge Ruiz Rivera, Procurador Auxiliar, y Fausto Ramos Quirós,* abogados del Estado Libre Asociado de Puerto Rico; *Ramón Ferrer Delgado,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Rigau.

PER CURIAM: Por varios años Andrés Cruz Águila estuvo explotando para su beneficio personal y sin autorización para ello, una cantera propiedad del Estado Libre Asociado de Puerto Rico, sita en la Comunidad Ánimas del barrio Factor de Arecibo. ■

En noviembre 22 de 1956, hubo un derrumbe en dicha cantera que atrapó y mató al menor José Ramón Nieves Candelaria. Sus padres demandaron en daños y perjuicios a Andrés Cruz Águila, Luis Rivera Santos, en su carácter de Secretario del Departamento de Agricultura y Comercio de Puerto Rico y al Estado Libre Asociado.

Los demandantes transigieron su reclamación con Cruz Águila y desistieron de su acción en cuanto a él.

El Estado Libre Asociado y Luis Rivera Santos admitieron en su contestación los siguientes hechos alegados en la demanda enmendada:

"2.—Que la Administración de Programas Sociales del Departamento de Agricultura y Comercio de Puerto Rico es una entidad que funciona bajo la dirección y supervisión y forma parte del Departamento de Agricultura y Comercio de

Puerto Rico, y el Departamento de Agricultura y Comercio de Puerto Rico es parte integrante del Estado Libre Asociado de Puerto Rico y que el demandado Andrés Cruz Águila es mayor de edad, Asambleísta del Municipio de Arecibo, Puerto Rico y vecino de la ciudad de Arecibo, Puerto Rico.

"3.—Que la Administración de Programas Sociales del Departamento de Agricultura y Comercio de Puerto Rico, bajo la supervisión y dirección del Departamento de Agricultura y Comercio de Puerto Rico, y por ende bajo la supervisión y dirección del Estado Libre Asociado de Puerto Rico posee, administra, tiene y tenía para todas las fechas que se relatan en esta demanda enmendada la custodia y posesión de una cantera de piedra radicada en terrenos denominados 'Las Ánimas' del barrio Factor número I de la Ciudad de Arecibo, Puerto Rico."

A requerimiento de los demandantes admitieron además, la veracidad de los siguientes hechos:

"1.—Admitan que el abogado Juan F. Ramírez Aldite [*sic*] para el día 8 de junio de 1956 era abogado del Estado Libre Asociado de Puerto Rico adscrito a la División Legal de la Secretaría de Agricultura y Comercio de Puerto Rico.

"2.—Admitan que por orden del Honorable Secretario de Agricultura y Comercio de Puerto Rico en representación del Estado Libre Asociado de Puerto Rico el letrado Juan F. Ramírez Aldite [*sic*] el día 8 de junio de 1956 dirigió a Andrés Cruz Águila, con copia a Ángel Nieves Cruz, la siguiente carta:

'8 de junio de 1956:—Sr. Andrés Cruz:—B. Candelaria:—c/o Luis A. Pérez Cintrón:—Sup. de Distrito A.P.S.:—Arecibo, Puerto Rico:—Obra en poder de esta oficina información fidedigna que evidencia la explotación por usted y en forma clandestina de una cantera en la Comunidad Rural 'Ánimas' de esa municipalidad. Tenemos conocimiento además que en esta operación ilegal está envuelto un parcelero de nombre Ángel Nieves de la indicada comunidad y que hace ya algún tiempo que usted y el indicado Sr. Nieves se encuentran explotando la indicada actividad en contravención a los reglamentos de esta oficina y a las disposiciones de la Ley vigente que rige la materia. Es por lo tanto que le damos el plazo improrrogable de quince (15) días a partir del recibo de esta comunicación, para que usted y el Sr. Nieves se presenten a esta oficina para aducir razones que puedan evitar la radicación

de la correspondiente acción judicial contra ustedes. Deseamos anticiparles, que de ustedes no actuar en armonía con nuestras indicaciones dentro del tiempo estipulado, interpretaremos su actitud como una negativa que nos dejará en libertad de proceder judicialmente para salvaguardar los intereses de nuestro gobierno y de la comunidad en general. Atentamente, Firmado: —Juan F. Ramírez Aldite [*sic*]:—JUAN F. RAMÍREZ ALDITE [*sic*]:—Abogado División Legal.—J.F.R.A.: man:—CC:— Sr. José Vidal:—Sr. Luis A. Pérez: —Sr. Angel Nieves.'

"3.—Admitan que la carta descrita en el párrafo dos venía en un sobre el que rezaba de la forma siguiente:

'Estado Libre Asociado de Puerto Rico, Departamento de Agricultura y Comercio, Administración de Programas Sociales, Apartado 8157, Santurce, Puerto Rico:—Sr. Ángel Nieves, Com. Rural 'Ánimas', Bo. Factor núm. 1, Arecibo, Puerto Rico.'

"4.—Admitan los demandados que dentro del año con anterioridad al 22 de noviembre de 1956, y por más de cuatro ocasiones los empleados del Departamento de Agricultura y Comercio de Puerto Rico y los empleados de la Administración de Programas Sociales del Departamento de Agricultura y Comercio de Puerto Rico se personaron en la cantera descrita en la demanda y ordenaron personalmente a Andrés Cruz Águila que paralizara los trabajos peligrosos que se realizaban en dicha cantera y que a pesar de que dicho Andrés Cruz Águila continuaba la explotación de dicha cantera ni el Secretario del Departamento de Agricultura y Comercio de Puerto Rico ni el Estado Libre Asociado de Puerto Rico tomaron acción judicial alguna para paralizar dicha explotación peligrosa de dicha cantera." (Apéndice "C", párrafos 1, 2, 3 y 4.)

La cantera en cuestión estaba ubicada en una comunidad rural donde habitaban más de 400 familias con niños menores de edad. Había unas cinco escuelas alrededor de la cantera. Ésta se explotaba en forma peligrosa y en violación de todas las leyes y reglamentos sobre canteras. Si bien los recurrentes no autorizaron la explotación de dicha cantera, tenían conocimiento de ello e incurrieron en negligencia al tolerarlo por tanto tiempo, sin adoptar medidas coercitivas en la forma provista por ley, para impedir la actuación peligrosa de Cruz Águila, actuación ésta que culminó en la muerte del hijo de los demandantes recurridos.

Excepto de lo que aparece de las breves conclusiones de hechos del Tribunal Sentenciador, desconocemos la prueba presentada por los demandantes para sostener su demanda, ya que los recurrentes no han elevado a este Tribunal la transcripción de dicha prueba. Sí sabemos que los recurrentes-demandados no presentaron prueba alguna. Aparentemente descansaron en la propia prueba de los demandantes, de la cual surgía que en más de cuatro ocasiones los empleados del Departamento de Agricultura y Comercio y los empleados de la Administración de Programas Sociales de dicho Departamento se personaron en la cantera y ordenaron a Cruz Águila que paralizara los trabajos peligrosos que realizaba en dicha cantera, así como que unos cinco meses antes de ocurrir el accidente el abogado de la División Legal del Departamento de Agricultura y Comercio escribió a Cruz Águila la carta arriba transcrita.

Desconocemos, pues, la forma en que Cruz Águila explotaba la cantera de referencia, y qué medios, maquinarias, artefactos, etc., utilizaba en dicha explotación. Sí sabemos que Cruz Águila violaba todas las leyes y reglamentos referentes a la explotación de canteras y que lo hacía en forma peligrosa. ■

Una cantera, por la forma en que se explota, puede constituir un estorbo (*nuisance*). Véase Anotación en 47 A.L.R.2d 490. Posiblemente ése pueda ser el presente caso. Si ello era así la obligación del dueño y poseedor de la cantera debió ir mucho más lejos de lo que hizo para evitar que la actuación ilegal de Cruz Águila causara daños a terceros. ■

Generalmente el dueño y poseedor de una finca no responde de los actos negligentes o culposos de un transgresor, si desconoce dichos actos, o los mismos se realizan sin su consentimiento, aquiescencia o tolerancia. Pero una vez que tiene conocimiento de tales actos y de que los mismos son peligrosos y pueden causar daños a terceras personas, puede

incurrir en responsabilidad, si no actúa adecuadamente para impedir la continuación de los referidos actos.

Al resolver el presente caso, no estamos sentando una doctrina general, sino que la decisión se limita a sus hechos específicos. Concluimos que los recurrentes incurrieron en una omisión negligente y deben responder.

*La sentencia dictada por el Tribunal Superior, Sala de Arecibo, en 13 de febrero de 1959, que condenó al Estado Libre Asociado a indemnizar los daños sufridos por los recurridos, no es contraria a la prueba ni a derecho, y en su consecuencia, debe confirmarse.*